NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| SILVIA TORRES, | ) | No. 13-72153 |
| | ) | |
| Petitioner, | ) | Agency No. A091-633-872 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2016**
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and SETTLE,*** District Judge.

Silvia Torres, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' (BIA) decision which found that she was

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

removable[1] and that she had abandoned her application for cancellation of removal.[2]  We deny the petition.

Torres contends that the BIA erred when it determined that she had not established by clear and convincing evidence that she had been inspected and admitted into the United States,[3] and, thus, that she was removable.[4]  We disagree. Because of her conflicting stories, and those of her witness, substantial evidence supported the BIA's determination.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 112 S. Ct. 812, 815 & n.1, 117 L. Ed. 2d 38 (1992).

Torres next argues the merits of her application for cancellation of removal, but ignores the fact that the merits of her application were not actually reached by the BIA, or the Immigration Judge (IJ), because they deemed her application to be abandoned.  *See* 8 C.F.R. § 1003.47(c), (d).  Her failure to raise and brief the abandonment question before us has waived it.  *See United States v.*

_____

[1]*See* 8 U.S.C. § 1182(a)(6)(A)(i).

[2]*See* 8 C.F.R. § 1003.47(c), (d); *see also* 8 U.S.C. § 1229b.

[3]That is her burden.  *See* 8 U.S.C. § 1229a(c)(2)(B); 8 U.S.C. § 1101(a)(13)(A); 8 C.F.R. § 1240.8(c); *see also Altamirano v. Gonzales*, 427 F.3d 586, 590–91 (9th Cir. 2005).

[4]*See* 8 C.F.R. § 1182(a)(6)(A)(i).

*Marcia-Acosta*, 780 F.3d 1244, 1250 (9th Cir. 2015). Moreover, the record demonstrates that despite ample time (and continuances) to enable her to obtain and present the required information, or show good cause for her failure, she did not do so.[5] *See* 8 C.F.R. § 1003.47(c), (d); *see also* 8 U.S.C. § 1229a(c)(4)(B). The BIA did not err when it found abandonment.

Petition DENIED.

---

[5]The IJ even expressed a willingness to reopen the proceedings, if she came forward with the information at a later point. When the BIA issued its decision, it noted that she still had not done so.